UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 18-CR-03243-JAH |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING AS MOOT DEFENDANT'S AMENDED MOTION FOR COMPASSIONATE RELEASE** |
| PEDRO O. VILLALOBOS-TORRES, | |
| Defendant. | **(ECF. Nos. 67, 69).** |

## I. INTRODUCTION

Pending before the Court is Defendant Pedro O. Villalobos-Torres' (hereinafter, "Villalobos-Torres"), *pro se* Emergency Motion for Compassionate Release and Reduction of Sentence to Time-Served, pursuant to 18 U.S.C. § 3582(c)(1)(A). ("Mot.", ECF No. 67; "Amended Mot.", ECF No. 69). The amended motion, which has been fully briefed, is based on the purported risks posed to Villalobos-Torres by the ongoing COVID-19 pandemic and his health issues. (Amended Mot. at 4). The Government has filed a response in opposition to the motion. ("Opp'n", ECF No. 70). Villalobos-Torres has not filed a reply in support of his motion. For the reasons explained below, Villalobos-Torres' motion for compassionate release pursuant to § 3582(c)(1)(A)(i) is **DENIED AS MOOT**.

1

## II.   BACKGROUND

On May 23, 2019, Villalobos-Torres pleaded guilty to a Superseding Information charging him with Misprision of a Felony, in violation of 18 U.S.C. § 4. On September 27, 2019, this Court sentenced Villalobos-Torres to a thirty-six (36) month term of imprisonment. ("Judgment", ECF No. 65). Villalobos-Torres now seeks relief from that sentence pursuant to the First Step Act.

## III.   LEGAL STANDARD

Under § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal, a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id*. § 1B1.13(2).

///
///
///
///
///
///
///
///

## IV. DISCUSSION

As a threshold matter, Villalobos-Torres was released from custodial confinement on January 19, 2022.[1] Accordingly, his motion for compassionate release is moot.[2] Notwithstanding the motion's mootness, even upon consideration of the merits of the instant matter, as discussed below, Villalobos-Torres' motion is unavailing.

### A. Exhaustion of Administrative Remedies

On December 1, 2020, Villalobos-Torres filed a request for compassionate release to the warden of Dalby Correctional Facility (Dalby C.I.)[3], where he was housed. The request was denied on December 14, 2020. (Amended Mot. at 3). The Government has conceded that Villalobos-Torres has satisfied the exhaustion requirement. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked", but the rule is "mandatory in the sense that a court must enforce the rule if a party properly raise[s] it, but the objection may be forfeited if the party asserting the rule waits too long to raise the point.") (internal quotations and citations omitted). As such, Villalobos-Torres has satisfied the exhaustion requirement.

### B. Extraordinary and Compelling Reasons

Notwithstanding the § 3553(a) factors, to be eligible for compassionate release, Villalobos-Torres must demonstrate that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent [with] applicable policy statements" issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

---

[1] According to the BOP, Villalobos-Torres was released from Dalby Correctional Facility on January 19, 2022. *See Inmate Release Data,* https://www.bop.gov/inmateloc/ (last visited July 2, 2022).

[2] In general, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

[3] Dalby C.I. is a private prison located in Post, Texas that contracts with the BOP.

Villalobos-Torres contends that the ongoing threat of illness because of the COVID-19 pandemic, coupled with his medical conditions (hypertension and obesity diagnosis) are extraordinary and compelling grounds to warrant a reduction in his sentence. The Court will discuss each in turn.

The Court is mindful that individuals with certain medical conditions can be more vulnerable to negative impacts caused by the COVID-19 virus, however, Villalobos-Torres fails to persuade the Court that his hypertension and high body mass index qualifies as an "extraordinary and compelling" reason for release within the context of 18 U.S.C. § 3582(c)(1)(A). This Court has previously determined that a high body mass index is not an extraordinary and compelling circumstance warranting a reduction in sentence. *See United States v. Poutua,* No. 3:16-cr-00875-JAH-8 (S.D. Cal. Apr. 27, 2016), EFC No. 707. Even in conjunction with hypertension, Villalobos-Torres' medical conditions are not extraordinary and compelling. Ordinary hypertension, unlike pulmonary hypertension, is not generally recognized as a basis for compassionate release in this district. *See United States v. Villarreal*, No. 3:08-cr-01332-JAH (S.D. Cal. March 24, 2022), ECF No. 600; *see also United States v. Ocon*, 13-cr-2530-JAH, 2020 U.S. Dist. LEXIS 157900, at *8-9 (S.D. Cal. August 28, 2020) (denying compassionate release motion for a 50-year-old inmate with hypertension and other medical conditions); *United States v. Vignoni,* No. 17-cr-01352-W, 2021 U.S. Dist. LEXIS 17618, at *2-3 (S.D. Cal. January 29, 2021) ("Ordinary hypertension (high blood pressure) is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19."). Thus, Villalobos-Torres's hypertension, alone and in conjunction with his high BMI, does not rise to the level of an extraordinary and compelling circumstance.

**C. Reduction Is Not Consistent with the Section 3553(a) Factors**

Notwithstanding his inability to present extraordinary and compelling circumstances in support of his motion, Villalobos-Torres also fails to demonstrate that § 3553(a) factors warrant relief. Those factors include, among others, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence

imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct. *See* 18 U.S.C. §3553(a).

Villalobos-Torres contends that his rehabilitation weighs in favor of reduction. (Amended Mot. at 7). However, the underlying criminal conduct is serious and inherently dangerous to the public—Villalobos-Torres sold numerous firearms to agents over the course of several transactions. ("PSR", ECF No. 49 at 4-6). As such, granting Villalobos-Torres' motion would not serve as adequate deterrence for the charged conduct.

### V.   CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED Villalobos-Torres' Motion for Compassionate Release is **denied as moot.**

**IT IS SO ORDERED.**

DATED: July 7, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE